McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Phone: 312.849.8100
Fax: 312.849.3690
www.mcguirewoods.com

David D. Leishman
Direct: 312.750.8680

dleishman@mcguirewoods.com
Fax: 312.698.4531

# McGuireWoods

August 12, 2013

**Via E-Mail**

Lisa M. Chambers
LifeInChrist@fuse.net

   Re: Your Lawsuit against SunWest Mortgage

Dear Ms. Chambers:

I represent SunWest Mortgage in the lawsuit you recently filed in United States District Court for the Southern District of Ohio. If you are represented by an attorney, please forward this communication to him or her immediately.

I write in hopes that we can resolve some procedural matters. First, I request that you withdraw your claims from Federal Court and bring them in arbitration. As part of your employment with SunWest, you signed SunWest's "Agreement to Individually Arbitrate Any Disputes ('Arbitration Policy')." I have attached a copy here for your review. As you can see, both you and SunWest agreed to submit any dispute arising out of your employment to arbitration and specifically waived any right to have such disputes heard or decided through any type of court. Therefore the proper means to pursue your claims is to dismiss your federal court lawsuit against SunWest and file a demand for arbitration with the National Arbitration Forum, as explained in the Arbitration Policy. Will you agree to pursue your claims in arbitration rather than in court, pursuant to your agreement with SunWest?

Second, we do not believe there is a basis on which Pavan Argawal, Kenneth Crider, or Todd Valland can be held individually liable on any of your claims or that any of them are subject to the jurisdiction of a court in Ohio. As all of their actions alleged in your Complaint would have been taken in their capacities as agents or representatives of SunWest, I request that you dismiss your claims against these individuals and proceed with your claims against SunWest.

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

50165840_1

August 12, 2013
Page 2

Third, on behalf of all Defendants I request an extension of time to respond to your Complaint. If you will agree to permit Defendants to respond to your Complaint on or before September 6, I will request such an extension from the Court and advise that you do not oppose the request.

I will follow up with you on these requests shortly.

Regards,

David D. Leishman

DDL/vmr

DocuSign Envelope ID: 79B9187C-9DD9-4C6D-85■■A768B14289




## Agreement to Individually Arbitrate Any Disputes ("Arbitration Policy")

**Individual Arbitration of Covered Disputes.** If any dispute (except those specifically excluded below) now or hereafter arises out of or relates to your employment with Sun West Mortgage Company, Inc., or any of its affiliated entities (referred to collectively in this Arbitration Policy as "SWMC"), including any disputes related to this Arbitration Policy (including its creation, terms, and enforceability), your application for employment with SWMC, your wages or other terms and conditions of your employment, the termination of your employment, and any disputes between you and any employee, officer, director, manager, member, agent or representative of SWMC ("Covered Disputes"), you and SWMC agree to waive any right to have all such Covered Disputes heard or decided through any type of court, judge, or jury trial or proceeding or any type of administrative proceeding. You and SWMC also agree to waive any right to have any Covered Disputes heard or decided through any type of representative action (including class actions, class arbitrations, collective actions, collective arbitrations, private attorney general actions, or coordinated or consolidated arbitrations, actions, or proceedings). You and SWMC also agree that any Covered Disputes can only be resolved through mandatory individual final and binding arbitration between you and SWMC. The Federal Rules of Civil Procedure (the "FRCP") and the Federal Rules of Evidence (the "FRE") shall apply to and be enforced by the Arbitrator in any such arbitration proceeding, except any such rules or procedures which would allow for or permit any type of representative action or jury trial, in accordance with binding precedent of the United States Supreme Court and the United States Circuit Court of Appeals for the Circuit of the geographic location where the arbitration proceeding is pending. The arbitration proceeding will be administered by the National Arbitration Forum ("NAF") pursuant to its Code of Procedure then in effect, except to the extent the provisions of its Code of Procedure are different from, conflict with, and/or are inconsistent with the terms of this Arbitration Policy, including application of the FRCP and the FRE as set forth above, in which case the provisions of this Arbitration Policy will control and must be followed as written. A copy of the NAF's Code of Procedure is available at http://www.adrforum.com and is incorporated herein by this reference as though set forth in full.

To file a claim, obtain or view a copy of the Code of Procedure, or obtain information about arbitration administered by the NAF, you may contact NAF directly:

National Arbitration Forum
www.adrforum.com
Tel: (800) 474-2371

There are **no judge or jury trials** of Covered Disputes permitted under this Arbitration Policy. There are **no representative actions** (including class actions, class arbitrations, collective actions, collective arbitrations, private attorney general actions, or coordinated or consolidated arbitrations, actions, or proceedings) of any type permitted under this Arbitration Policy. <u>You and SWMC waive any and all rights to a judge or jury trial of the Covered Disputes, and waive any and all rights to initiate or otherwise have any Covered Disputes resolved by any type of representative action and agree to individual arbitration in accordance with the provisions of this Arbitration Policy, whether initiated by you or SWMC.</u> No formal dispute resolution proceedings concerning any Covered Disputes will take place in any local, state, or federal court or agency, or be heard or presided over by any active local, state, or federal judge, judicial officer, or administrative officer. *Only Covered Disputes can be arbitrated under this Arbitration Policy.*

DocuSign Envelope ID: 79B9187C-9DD9-4C6D-85⬛⬛A768B14289




**Excluded Disputes.** The following are "Excluded Disputes," not subject to this Arbitration Policy: (a) claims for workers' compensation benefits under state law; (b) claims for unemployment or disability insurance benefits under government-administered programs; (c) claims within the jurisdiction of the National Labor Relations Board; and (d) claims for temporary equitable relief in aid of arbitration under this Arbitration Policy, as permitted under applicable law, which may be brought either before the appointed arbitrator or a court of competent jurisdiction.

**Enforcement of the Arbitration Policy.** Any issues regarding the enforceability of this Arbitration Policy or any provision thereof are Covered Disputes which shall be decided in the first instance by the arbitrator, including, without limitation, issues regarding the formation, interpretation, applicability, or enforceability of this Arbitration Policy, whether the Arbitration Policy or any provision thereof is void or voidable, and whether a dispute is a Covered Dispute or Excluded Dispute. Any procedural issues, including without limitation the procedures to be followed in any arbitration proceedings, allegations of delay and waiver (both as to compliance with the terms of this Arbitration Policy and/or as a result of litigation conduct in court), and whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met also are Covered Disputes which shall also be decided in the first instance by the arbitrator.

**Governing Law.** This Arbitration Policy, any arbitration proceedings held pursuant to this Arbitration Policy, and any state court, federal court, or other proceedings concerning arbitration under this Arbitration Policy are expressly subject to and governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), including the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. section 201 et seq. (the "Convention"), if the Convention is applicable..

**Appointment of Arbitrator.** A separate neutral arbitrator must be selected and appointed for each individual claimant's respective Covered Disputes using the procedures for selecting and appointing an arbitrator in the NAF's Code of Procedure and in accordance with the FAA. The arbitrator must be located, and the Covered Disputes must be heard and decided by the arbitrator, within the county in which the employee last worked for SWMC. Any court proceedings concerning such arbitration shall be held in a court of competent jurisdiction located in the county within which the employee last worked for SWMC. In accordance with the FAA, the appointed arbitrator must interpret, apply, and enforce this Arbitration Policy as written. The appointed arbitrator will have no authority or jurisdiction to hear or decide any Covered Disputes as any type of representative action, class action, class arbitration, collective action, private attorney general action, collective arbitration, or coordinated or consolidated arbitration.

**Costs of Arbitration.** Unless otherwise required by applicable law at the time of the initiation of any arbitration, the parties will share equally in any and all arbitration forum fees and costs. Each party to the arbitration will pay the fees for their own attorneys whether or not they prevail in the arbitration.

**Small Claims Court.** Notwithstanding the mandatory arbitration provisions of this Arbitration Policy, any Covered Disputes that are within the jurisdiction of a Small Claims Court may, at the option of the party asserting such Covered Disputes, be resolved in a Small Claims Court proceeding having jurisdiction over the matter instead of in an arbitration proceeding with an arbitrator, but not as any type of representative action.

**Arbitrator's Award.** Subject to the other provisions of this Arbitration Policy, including the waiver of any type of representative action, the appointed arbitrator will be empowered to award any individual remedy at law or in equity to which either party otherwise would be entitled had the

LO-AGT (11/2011)  Employee Initials: _U_  Page **3** of **6**

DocuSign Envelope ID: 79B9187C-9DD9-4C6D-858A768B14289




matter been litigated in a court or before a government agency with jurisdiction over the Covered Disputes being arbitrated. The authority to award any remedy, however, is subject to whatever limitations on such remedies as exist under applicable law. The appointed arbitrator will have no authority or jurisdiction to issue any award that is contrary to or inconsistent with the terms and provisions of this Arbitration Policy and the applicable laws at issue. The appointed arbitrator must issue an award in writing which must be accompanied by or include a written, reasoned statement of decision or opinion that (a) applies the facts to the law of the case; (b) fully sets forth findings of fact from the evidence presented; (c) fully sets forth conclusions of law based upon the parties' respective legal theories; (d) fully sets forth which legal theories are the bases for the award and why; (e) fully sets forth which legal theories are not a basis for the award and why; (f) fully sets forth the arbitrator's calculations of the types of damages and/or other monetary remedies awarded to any party, if any; and (g) fully sets forth the factual and legal bases for any other remedies awarded to any party, if any. A judgment of any court having jurisdiction may be entered on the arbitrator's award upon it being confirmed by such court.

**Exhaustion of Other Remedies.** This Arbitration Policy does not prevent or excuse satisfying any applicable statutory conditions precedent or jurisdictional prerequisites to pursuing any Covered Disputes by, for example, filing administrative charges with or obtaining right to sue notices or letters from federal, state, or local agencies. After complying with and exhausting all such remedies, conditions, or prerequisites, final and binding arbitration in accordance with this Arbitration Policy is the sole and exclusive remedy or formal method of resolving the Covered Disputes. Exhaustion or satisfaction of any such remedies, conditions, or prerequisites must occur within any time limitations prescribed by applicable law and this Arbitration Policy. Any and all disputes arising out of or relating to compliance with the exhaustion of other remedies requirements of this Arbitration Policy are Covered Disputes, which must be resolved only by the appointed arbitrator.

**Filing Administrative Charges or Complaints.** Nothing in this Arbitration Policy is intended (or should be construed as intended) to chill an Employee's statutory rights under the National Labor Relations Act ("NLRA"). All Employees retain the right under the NLRA to file unfair labor practice charges with the National Labor Relations Board ("NLRB"). Employees also retain the right to file charges or complaints with the United States Equal Employment Opportunity Commission ("EEOC") and other federal or California administrative agencies under applicable laws within their administrative jurisdiction. However, nothing in this Arbitration Policy is intended or should be construed as any type of express or implied waiver or limitation of SWMC's right to enforce the provisions of this Arbitration Policy to the maximum extent permitted by controlling law.

**No Signature Required.** Your submission of an application for employment, acceptance of employment, or continuation of employment with SWMC is deemed your acceptance of and agreement to be bound by all of the terms and provisions of this Arbitration Policy, subject to your right to elect to not be bound by this Arbitration Policy, as described below. The issuance of this Arbitration Policy is deemed SWMC's acceptance of and agreement to be bound by all of its terms and provisions. No signature by you or SWMC is required for this Arbitration Policy to apply to Covered Disputes.

**Time to Initiate Arbitration.** To the extent the parties are permitted by applicable law to enter into a private agreement to modify the statute of limitations applicable to any Covered Disputes, the statute of limitations applicable to any Covered Disputes shall be one year, notwithstanding any statute of limitations that otherwise provides for a longer period. Any and all disputes arising out of or relating to the applicable time limitation or statute of limitations periods, including the enforceability of this provision, are Covered Disputes under this Arbitration Policy and must be resolved only by the appointed arbitrator.

LO-AGT (11/2011)　　　　　　　　　　　　　　Employee Initials: _U_　　　　Page **4** of **6**

DocuSign Envelope ID: 79B9187C-9DD9-4C6D-85 BA768B14269

 

**Severability.** The provisions of this Arbitration Policy are severable. If any one or more of the provisions contained in this Arbitration Policy, or the application of the Arbitration Policy in any circumstance, is held invalid, illegal, unconscionable, or unenforceable in any respect and for any reason, the validity, legality and enforceability of any such provision in every other respect and of the remaining provisions will not be affected or impaired in any way, it being intended that all of the parties' rights and privileges arising under this Arbitration Policy will be enforceable to the fullest extent permitted by law. Notwithstanding the foregoing, the provisions of this Arbitration Policy relating to the waiver of any type of representative action are not intended to be severable. If a court or arbitrator of competent jurisdiction holds or rules that the waiver of any type of representative action is not enforceable in any material respect, any party against whom a representative action is brought will not be required to arbitrate any Covered Disputes being pursued as any type of representative action.

**Option To Not Be Bound By Arbitration Policy:** Not later than the 30th calendar day after the date you first receive a copy of this Arbitration Policy (the "Election Deadline"), you can elect to not be bound by this Arbitration Policy by giving SWMC written notice of such election (an "Election Notice"). **SWMC does not have a preference as to whether you elect to not be bound by this Arbitration Policy, and you should feel free to do so without fear of retaliation or reprisals by SWMC, which is strictly prohibited.** To elect to not be bound by this Arbitration Policy, your Election Notice to SWMC must be in writing and must:

(a) state your name, mailing address, phone number, e-mail address (if any), and employee number;

(b) state that you are electing to not be bound by the Arbitration Policy;

(c) be signed and dated by you; and

(d) be sent or delivered by you on or by the Election Deadline to SWMC's Senior Labor and Employment Counsel, 1234 Mail Street, Los Angeles, CA 90065 via (i) fax transmission to (310) 555-1212 that generates an accurate written confirmation of the fax transmission and the date and time of successful transmission; (ii) e-mail to electionnotice@SWMC.com with the word "ELECTION NOTICE" in the subject line of the e-mail message, which will generate an automatic e-mail reply confirming receipt of the e-mail; or (iii) the United States Postal Service (USPS) or private courier (such as FedEx, UPS, or DHL), using delivery services that produce a written record establishing the dates the notice was sent to and received by SWMC, such as USPS Certified Mail with Return Receipt, USPS Delivery Confirmation or Express Mail service receipt and tracking number, or private courier receipt and tracking number (a "Mail Record").

If you elect to not be bound by this Arbitration Policy, you must maintain a copy of the Election Notice sent to SWMC and, as may be applicable, a copy of (i) the fax transmission conformation; (ii) your e-mail message, including any attachment(s) thereto, and the automatic reply e-mail message received in response thereto, or (iii) the Mail Record. In the event of any dispute as to whether you made such an election, you will have the burden of proving you did so by producing a copy of the Election Notice and the applicable fax conformation, e-mail messages, or Mail Record. If you fail to comply with these requirements for electing to not be bound by this Arbitration Policy or for proving such an election was made, you will be deemed to have irrevocably accepted and agreed to be bound by all of its provisions. Disputes about whether you properly made such an election are Covered Disputes that must be resolved in the first instance by an arbitrator pursuant to this Arbitration Policy.

LO-AGT (11/2011)                  **Employee Initials** _U_            Page 5 of 6

DocuSign Envelope ID: 79B9187C-9DD9-4C6D-85●●BA768B14289

 

Before deciding whether to elect to not be bound by this Arbitration Policy, you are advised to consult with an attorney and/or other advisor of your choosing concerning your rights and obligations under this Arbitration Policy.

**Prohibition Against Retaliation.** SWMC does not tolerate, and strictly prohibits, any form of retaliation for pursuing or opposing resolution of any Covered Disputes under this Arbitration Policy or electing to not be bound by this Arbitration Policy as set forth herein. However, any such pursuit, opposition or election should not be construed as preventing, limiting, or delaying SWMC from taking non-retaliatory, lawful disciplinary action, up to and including termination, in circumstances where SWMC considers disciplinary action appropriate.

**At-Will Employment.** Your employment with SWMC is and continues to be at will. Nothing in this Arbitration Policy changes your at-will employment status, which can only be changed by a written agreement expressly stating it changes that status and signed by both you and the Vice President of Human Resources. The terms and provisions of this Arbitration Policy will survive the termination of your employment relationship with SWMC and remain binding on you and SWMC.

**Entire Agreement.** This Arbitration Policy constitutes the entire agreement, arrangement and understanding between you and SWMC with respect to the resolution of Covered Disputes. It may not be modified or canceled in any manner except by a written amended policy issued and implemented by SWMC or a writing signed by SWMC's Vice President of Human Resources. This Arbitration Policy supersedes any prior or contemporaneous agreement, arrangement or understanding on this subject matter.

I hereby acknowledge receipt of a copy of the foregoing Arbitration Policy.

*Lisa Chambers*        3/6/2012
EMPLOYEE SIGNATURE        DATE

Lisa Chambers
EMPLOYEE NAME (PRINT)