# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LISA CHAMBERS,<br>Plaintiff, | Case No. 1:13-cv-399 |
| | Spiegel, J.<br>Litkovitz, M.J. |
| vs. | |
| SUN WEST MORTGAGE,<br>COMPANY, INC., et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

## I. Introduction

Plaintiff, a citizen and resident of Ohio, filed the pro se complaint in this action against defendant Sun West Mortgage Company, Inc., and a number of individual defendants on June 7, 2013, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII) and Ohio Rev. Code § 4112.01, *et seq.* (Doc. 3). Plaintiff alleges in the complaint that defendant Sun West, a corporation which conducts business throughout Ohio, and individual Sun West employees named as defendants discriminated against her based on her gender and terminated her employment with Sun West in retaliation for plaintiff protesting discriminatory acts by Sun West and its employees.

Defendant Sun West moved to dismiss the complaint or, in the alternative, stay this matter pending arbitration (Doc. 11), and the individual defendants moved to dismiss plaintiff's complaint against them for lack of personal jurisdiction (Doc. 12). An order and report and recommendation on the motions was filed on April 18, 2014. (Doc. 25). Because Sun West had submitted matters outside the pleadings in support of its motion, the undersigned converted Sun West's motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56. (*Id.*). The Court allowed plaintiff and Sun West 20 days from the date of the order to present any

additional materials they deemed to be pertinent to the arbitration issues raised in defendant Sun West's motion. The undersigned further recommended that the individual defendants' motion to dismiss the complaint for lack of personal jurisdiction be granted and that the claims against the individual defendants be dismissed. The district judge adopted the report and recommendation and dismissed the claims against the individual defendants by order dated May 14, 2014, leaving Sun West as the only remaining defendant to this lawsuit. (Doc. 27).

The 20-day period for the parties to submit additional materials has elapsed, neither plaintiff nor defendant Sun West has presented any additional materials for the Court's consideration, and the motion for summary judgment (Doc. 11) is ripe for review. The Court therefore relies on the materials Sun West and plaintiff submitted in connection with Sun West's motion to dismiss in resolving the converted Rule 56 motion. The documents and evidentiary materials before the Court are: Sun West's converted motion for summary judgment and first Declaration of Luke Aoe with attachments (Doc. 11; Exh. A); plaintiff's memorandum in opposition to defendant's motion and attached exhibits (Doc. 19; Exhs. 1-5)[1]; defendant's reply memorandum in support of its motion and second Declaration of Luke Aoe (Docs. 20, 20-1); attachments to second Declaration of Luke Aoe (Doc. 21); and plaintiff's supplemental response in opposition to defendant's motion[2] and attached exhibits (Doc. 24; Exhs. 1-2).

Defendant Sun West argues that the complaint must be dismissed with prejudice because the parties entered into a binding arbitration agreement when plaintiff began her employment with Sun West in January 2012, and the agreement contains a one-year contractual limitations period pursuant to which plaintiff's gender discrimination and retaliation claims are time-barred. (Doc. 11 at 3-4, citing Exh. A, Attach. A, pp. 3-4). The arbitration agreement defendant has

---

[1] The memorandum is styled as a "Motion for Jury Demand-Jury Demand Endorsed Hereon."
[2] This memorandum is also styled as a "Motion for Jury Demand-Jury Demand Endorsed Hereon."

2

submitted is captioned "Agreement to Individually Arbitrate Any Disputes ("Arbitration Policy")" (hereafter, "Arbitration Agreement"). It includes the following binding arbitration provision:

> **Individual Arbitration of Covered Disputes**: If any dispute (except those specifically excluded below) now or hereafter arises out of or relates to your employment with [Sun West], including any disputes related to this Arbitration Policy (including its creation, terms, and enforceability), your application for employment with [Sun West], your wages or other terms and conditions of your employment, the termination of your employment, and any disputes between you and any employee, officer, director, manager, member, agent or representative of [Sun West] ("Covered Disputes"), you and [Sun West] agree to waive any right to have all such Covered Disputes heard or decided through any type of court, judge, or jury trial or proceeding or any type of administrative proceeding. . . . You and [Sun West] also agree that any Covered Disputes can only be resolved through mandatory individual final and binding arbitration between you and [Sun West].

(Doc. 11, Exh. A., Attach., p. 1). The Arbitration Agreement also provides that "[t]o the extent the parties are permitted by applicable law to enter into a private agreement to modify the statute of limitations applicable to any Covered Disputes, the statute of limitations applicable to any Covered Disputes shall be one year, notwithstanding any statute of limitations that otherwise provides for a longer period. . . ." (*Id.*, p. 3). The limitations provision states that "all disputes arising out of or relating to the applicable time limitation or statute of limitations periods, including the enforceability of this provision, are Covered Disputes under this Arbitration Policy and must be resolved only by the appointed arbitrator." (*Id.*, p. 4). Defendant argues that in the event the Court determines plaintiff's claims are not time-barred under this contractual provision, plaintiff must pursue her claims in arbitration because she agreed to arbitrate any dispute arising out of her employment with Sun West by entering into the Arbitration Agreement. (Doc. 11 at 4-9).

Plaintiff denies that she entered into an arbitration agreement with defendant and that she is contractually obligated to arbitrate the dispute before the Court. (Doc. 19 at 3-5, 10). Plaintiff

alleges that she never signed the Arbitration Agreement and that someone else initialed and signed the Arbitration Agreement without her consent.

Defendant denies that it forged plaintiff's signature on any copy of the Arbitration Agreement and alleges that plaintiff initialed and signed several copies of the Arbitration Agreement both by hand and electronically during the course of her employment. (Doc. 20 at 2; Doc. 20-1, Second Declaration of Luke Aoe). Defendant contends that assuming, *arguendo*, plaintiff did not sign the Arbitration Agreement which was presented to her on several occasions, she is nonetheless bound by the Arbitration Agreement by virtue of having entered into and continued an employment relationship with Sun West and choosing not to opt out of the Arbitration Agreement. (Doc. 20 at 2-3, citing Doc. 11, Exh. A).[3]

## II. Summary judgment standard

Defendant's argument that plaintiff agreed to arbitrate her claims is in effect a motion to compel arbitration. In evaluating a motion to compel arbitration, courts treat the facts as they would in ruling on a motion for summary judgment. *Raasch v. NCR Corp.*, 254 F. Supp.2d 847, 851 (S.D. Ohio 2003). *See also Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (a party who seeks to prove that the arbitration agreement is invalid must demonstrate that there is a genuine issue of material fact as to validity, a showing which mirrors that required to withstand summary judgment). Summary judgment is proper "if the depositions, documents, electronically stored information, affidavits or declarations . . . or other materials" show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

---

[3] The Arbitration Agreement provides, in pertinent part: "**No Signature Required.** Your submission of an application for employment, acceptance of employment, or continuation of employment with [Sun West] is deemed your acceptance of and agreement to be bound by all of the terms and provisions of this Arbitration Policy, subject to your right to elect to not be bound by this Arbitration Policy, as described below. The issuance of this Arbitration Policy is deemed [Sun West]'s acceptance of an agreement to be bound by all of its terms and provisions. No signature by you or [Sun West] is required for this Arbitration Policy to apply to Covered Disputes." (Doc. 11, Exh. A, Attach. A, p. 3).

matter of law. Fed. R. Civ. P. 56. In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989) (quoting *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record," so that no reasonable fact finder could believe it. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

A principle purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The court need only determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

### III. Law governing arbitration agreements

"Mandatory arbitration agreements in the employment context are governed by the Federal Arbitration Act [FAA, 9 U.S.C. § 1, *et seq*.], which evidences a strong policy preference in favor of arbitration." *Mazera v. Varsity Ford Management Services, LLC*, 565 F.3d 997, 1001 (6th Cir. 2009) (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001)). Such arbitration provisions shall be "valid, irrevocable, and enforceable, save upon such grounds as

5

exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, contract defenses that are generally available under state law, such as fraud and forgery, may invalidate arbitration agreements. *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004) (citing *Doctor's Assocs. v. Casarotto,* 517 U.S. 681, 687 (1996) (citations omitted); *Perry v. Thomas,* 482 U.S. 483, 492 n. 9 (1987); *Fazio v. Lehman Bros., Inc.,* 340 F.3d 386, 393-94 (6th Cir. 2003)). However, in applying state law principles in this context, the federal policy favoring arbitration is taken into consideration. *Id.* (citing *Garrett v. Hooters-Toledo,* 295 F. Supp.2d 774, 779 (N.D. Ohio 2003) (citing *Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1014 (6th Cir. 2003) (internal citation omitted)). "[A]ny ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

When considering a motion to stay proceedings and compel arbitration under the FAA, a court is tasked with making four determinations: "first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Id.*

Thus, to resolve defendant's motion for summary judgment, the Court must initially determine whether Sun West and plaintiff entered into a valid arbitration agreement and, if so, whether the parties' dispute falls within the scope of the parties' agreement to arbitrate. *Mazera,* 565 F.3d at 1001 (citing *Landis v. Pinnacle Eye Care, LLC,* 537 F.3d 559, 561 (6th Cir. 2008)). By agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded

by the statute pursuant to which the party brings her claims; she "only submits to their resolution in an arbitral, rather than a judicial, forum." *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985)).

Defendant assumes that Ohio state law principles apply in this case. (*See* Doc. 11 at 7). In view of the fact that plaintiff signed her employment contract in Ohio, she was employed in Ohio, and she was terminated in Ohio, it appears Ohio law would apply.[4] Nonetheless, the Court finds it unnecessary to decide whether it is appropriate to apply Ohio law here. For the reasons explained below, plaintiff has not produced any evidence to show that her allegations that she did not sign the Arbitration Agreement and that an unknown individual forged her initials and signature on one or more copies of the Arbitration Agreement have any basis in fact. Thus, there is no genuine issue of material fact as to whether plaintiff signed the Arbitration Agreement. Further, it is clear from the unambiguous terms of the Arbitration Agreement that the claims plaintiff brings here fall within the scope of the Arbitration Agreement. Accordingly, no issues of state law contract interpretation or defenses are implicated. The undisputed evidence shows plaintiff is bound by the clear terms of the Arbitration Agreement she signed to pursue her claims in arbitration.

---

[4] The Court notes that the Sales Management Employee Agreement and the Branch Manager Agreement both include a choice of law provision which states that they shall be interpreted in accordance with California law. (Doc. 19, Exh. 1, § III.F; Exh. 2, § III.F). Both of these agreements incorporate the Arbitration Agreement by including a section captioned "Arbitration" which states: "I UNDERSTAND AND AGREE THAT ALL DISPUTES AND CLAIMS THAT MIGHT ARISE OUT OF MY EMPLOYMENT WITH [SUN WEST] WILL BE SUBJECT TO ARBITRATION PURSUANT TO THE AGREEMENT TO INDIVIDUALLY ARBITRATE ANY DISPUTES SUBSTANTIALLY IN THE FORM ATTACHED HERETO AS EXHIBIT A (THE "ARBITRATION POLICY"). THIS AGREEMENT IS STRICTLY CONTINGENT UPON EMPLOYEE SIGNING AND RETURNING TO [SUN WEST] THE ARBITRATION POLICY AND EMPLOYEE AGREES TO BE BOUND BY THE TERMS AND CONDITIONS SET FORTH THEREIN." (*Id.,* Exh. 1, § III.H; Exh. 2, § III.H). ). However, defendant does not allege that California law principles govern the issues raised by its motion seeking to compel arbitration.

## IV. Plaintiff entered into a valid agreement to arbitrate her claims.

Upon review of the evidence of record, the Court finds that there is no genuine issue of material fact that plaintiff entered into a valid agreement with defendant Sun West to arbitrate her gender discrimination and retaliation claims brought under Title VII and Ohio Rev. Code § 4112.02. Defendant has produced evidence that shows plaintiff signed the Arbitration Agreement on January 1, 2012, when she began her employment with Sun West, and on several subsequent dates. Defendant has submitted two declarations by Luke Aoe, who has been Sun West's Human Resources Manager at all relevant times, and copies of relevant employment agreements which Mr. Aoe has identified in his declarations. (Doc. 11, Exh. A, Attachs.; Doc. 20-1; Doc. 21). Mr. Aoe states that his duties include providing "on-boarding documents" to new Sun West employees, obtaining the employees' signatures on employment and arbitration agreements, and maintaining the signed documents in the company's Human Resources Office. (Doc. 11, Exh. A, Aoe Decl., ¶ 2). Mr. Aoe states he has personal knowledge that Sun West sent plaintiff a copy of the company's Arbitration Agreement by email dated December 15, 2011, with an offer letter and various other documents related to her anticipated employment with Sun West. (*Id.*, ¶ 3). Mr. Aoe states that on January 1, 2012, plaintiff acknowledged receipt of the Arbitration Agreement by initialing each page of the Arbitration Agreement, signing it, and returning it to Sun West's Human Resources Department in California, where Mr. Aoe received it and placed it in plaintiff's personnel file. (*Id.*, ¶ 4; *see* Exh. A., Attach. A). Each page of the attached Arbitration Agreement is initialed, the Arbitration Agreement is signed and dated January 1, 2012, and plaintiff's name is typed on the Arbitration Agreement under the signature. (*Id.*, Exh. A, Attach. A). Mr. Aoe states that plaintiff initialed and signed a second copy of the Arbitration Agreement included with her offer letter and new hire packet on January 1, 2012

(Doc. 20-1, Aoe Decl., ¶ 5; *see* Doc. 21, Exh. B); she initialed and signed additional copies of the Arbitration Agreement on January 3 and 23, 2012, which were included in the employee handbook and with a Branch Manager Agreement (Doc. 20-1, Aoe Decl., ¶¶ 6, 7; *see* Doc. 21, Exhs. C, D); and she electronically initialed and signed a copy of the Arbitration Agreement on March 6, 2012. (Doc. 20-1, Aoe Decl., ¶¶ 8, 9; *see* Doc. 21, Exhs. E, F). Mr. Aoe also states that under the terms of the Arbitration Agreement, plaintiff had the opportunity to opt out of the provisions of the Arbitration Agreement within 30 days of receiving a copy, but she did not elect to do so. (Doc. 20-1, Aoe Decl., ¶ 10).

Plaintiff has not presented any probative evidence which casts doubt on Mr. Aoe's representations and calls into question whether she signed and initialed the copies of the Arbitration Agreement submitted with his declarations. Plaintiff concedes that when she was hired by Sun West as an Area Sales Manager, she signed a Sales Management Employee Agreement on January 1, 2012, which apparently had the Arbitration Agreement attached to it. (Doc. 19 at 3, citing Exhs. 1, 1B). Plaintiff specifically alleges that when she was hired for the Area Sales Manager position commencing January 3, 2012, she "did sign an Area Sales Manager employment contract (attached Exhibit 1) January 1, 2012 with Arbitration agreement (Exhibit 1-B) which Plaintiff clearly did not sign. . . ." (*Id.*) Plaintiff alleges instead that it is clear from the signatures on the documents that "someone signed and initialed these without Plaintiffs Consent proving Defendants intent to defraud both Plaintiff" and this Court. (Doc. 19 at 3). The exhibits plaintiff has produced to support her allegations are a copy of the Sales Management Employee Agreement, which she admittedly signed on January 1, 2012 (Doc. 19, Exh. 1), and a commission rate schedule and Arbitration Agreement dated March 6, 2012 (*Id.*, Exh. 1B). These documents do not create an issue of fact as to whether plaintiff signed the January 1, 2012

Arbitration Agreement. Plaintiff has not submitted her affidavit or any other probative evidence which refutes defendant's evidence showing that she did sign the Arbitration Agreement on January 1, 2012.

Plaintiff also does not dispute that she received a copy of the new "Branch Manager Employee Agreement-Arbitration Agreement" issued by Sun West on January 23, 2012 (*see* Doc. 19, Exh. 2; Doc. 20-1, Aoe Decl., ¶ 7; Doc. 21, Exh. D), although plaintiff states that she refused to sign the agreement. (Doc. 19, at 3-4, citing Exh. 2). Plaintiff has submitted into evidence a letter she wrote to counsel for Sun West in which she accuses counsel of having "full knowledge of the fraudulent signing of the Branch manager contract" presented to her and knowledge that another Sun West employee was induced to sign the contract without plaintiff's knowledge. (Doc. 24, Exh. 1). However, plaintiff has not presented any affidavits or other probative evidence to substantiate her allegations that she did not initial and sign the Arbitration Agreement dated January 23, 2012, and that an unidentified individual forged her initials and signature on the document. Plaintiff's bare allegations that she refused to sign the "Branch Manager Employee Agreement-Arbitration Agreement" issued by Sun West on January 23, 2012, and that someone forged her signature on that copy of the Arbitration Agreement are insufficient to call into question defendant's proof showing that plaintiff signed the January 23, 2013 Arbitration Agreement.

In the absence of "significant probative evidence" to create a genuine issue as to whether plaintiff signed the Arbitration Agreement on one or more occasions at the start of her employment and during her employment with Sun West, the Court must accept as unrefuted the declarations of Luke Aoe and the documentary evidence submitted by defendant. This evidence shows that plaintiff signed the Arbitration Agreement with Sun West on January 1, 2012, and

thereafter on multiple occasions. Plaintiff has not produced any other evidence which raises an issue as to whether the Arbitration Agreement is a valid, enforceable agreement. The Court therefore finds there is no genuine issue that plaintiff is bound by the terms of the Arbitration Agreement.[5]

Having determined that Sun West and plaintiff entered into a valid agreement to arbitrate their disputes, the question becomes whether plaintiff's claims fall within the scope of the Arbitration Agreement. The Arbitration Agreement provides that the employee and Sun West "agree to waive any right to have all . . . Covered Disputes heard or decided through any type of court, judge, or jury trial or proceeding or any type of administrative proceedings" and provides that "Covered Disputes" can "only be resolved through mandatory individual final and binding arbitration" between the employee and Sun West. (Doc. 11, Exh. A., Attach., p. 1). The Arbitration Agreement describes "Covered Disputes" which must be pursued in arbitration as follows:

> [A]ny dispute . . . [which] now or hereafter arises out of or relates to your employment with [Sun West] . . ., including any disputes related to this Arbitration Policy (including its creation, terms, and enforceability), your application for employment with [Sun West], your wages or other terms and conditions of your employment, the termination of your employment, and any disputes between you and any employee, officer, director, manager, member, agent or representative of [Sun West].

(*Id.*).

Plaintiff's claims for gender discrimination and retaliation under Title VII and Ohio Rev. Code § 4112.02 clearly "arise[] out of or relate[] to [plaintiff's] employment with" Sun West. (*Id.*). There is no bar to arbitration of these claims as the Sixth Circuit has consistently held that arbitration agreements pertaining to employment discrimination claims are enforceable. *See*

---

[5] Because the Court finds there is no genuine issue of fact as to whether plaintiff signed the Arbitration Agreement, the Court need not address defendant's argument that the Arbitration Agreement is binding on plaintiff even if she did not sign it.

11

*Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 312 (6th Cir. 1991); *Dantz v. American Apple Group, LLC*, 123 F. App'x 702 (6th Cir. 2005) (enforcing arbitration provision where plaintiff presented Ohio state law discrimination claims); *McLean v. Byrider Sales of Indiana S, LLC*, 2:13-CV-524, 2013 WL 4777199, at *5 (S.D. Ohio Sept. 5, 2013) (holding § 4112.02 state law claim was subject to arbitration). Accordingly, plaintiff must pursue her claims in arbitration.[6]

## V. This matter should be dismissed without prejudice.

Defendant argues that this matter must be dismissed with prejudice because plaintiff failed to bring her discrimination and retaliation claims within the one-year contractual limitations period set forth in the Arbitration Agreement. (Doc. 11 at 3-4). Defendant asserts that plaintiff's employment with Sun West was terminated on or about March 30, 2012, and she did not institute this lawsuit until June 7, 2013, more than one-year after her termination. Defendant cites several cases to support its argument that there is nothing inherently unreasonable about the one-year statute of limitations to which the parties agreed and it is enforceable.[7] (*Id.*; Doc. 20 at 4). However, defendant has not addressed the issue of whether it is for the Court or the arbitrator to decide whether plaintiff's claims are time-barred by the applicable statute of limitations. The Court finds that consistent with Supreme Court precedent, whether plaintiff's employment discrimination claims are time-barred by the contractual limitations period is a matter for the arbitrator to decide.

---

[6] Although plaintiff alleges that she attempted to arbitrate her claims before the EEOC (Doc. 19 at 5), defendant asserts that the proceeding plaintiff references was a mediation proceeding, not arbitration. (Doc. 20 at 2, n.2). Plaintiff has not submitted any evidence to show she has in fact arbitrated her dispute with Sun West.

[7] The cases cited by defendant support the proposition that there is nothing either unreasonable or unconscionable about a contractual one-year limitations period to which parties agree as part of an arbitration agreement. *See Morrison v. Circuit City Stores, Inc.*, 70 F. Supp.2d 815, 827 (S.D. Ohio 1999), *aff'd on other grounds*, 317 F.3d 646 (6th Cir. 2003) (one-year limitations period was fair and reasonable); *Smith v. Sterling Jewelers, Inc.*, No. 5:12CV2675, 2013 WL 271813, at *4 (N.D. Ohio Jan. 24, 2013) (one-year time limit to commence arbitration proceedings did not render the parties' arbitration agreement unconscionable). The courts in these cases did not address the issue of whether the plaintiff's claims were time-barred under the applicable arbitration agreement.

"The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649 (1986) (emphasis added by *Howsam*); *First Options of Chicago, Inc. v. Kaplan*, 513 U.S. 938, 943-46 (1995)). It is for the Court to decide "gateway" disputes which raise a "question of arbitrability," such as whether an arbitration contract binds parties who did not sign the agreement, *Howsam*, 537 U.S. at 84 (citing *First Options of Chicago, Inc.*, 513 U.S. at 943-46), or whether an arbitration clause in a concededly binding contract applies to a particular type of controversy. *Id.* at 84 (citing *AT & T Technologies,* 475 U.S at 651-652). Conversely, there is a presumption that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability." *Id.* (citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). The Supreme Court in *Howsam* noted that consistent with this presumption, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to incorporate majority state law and the law as developed under the FAA, states that "an arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled" and that prerequisites such as time limits are for arbitrators to decide in the absence of an agreement to the contrary. *Id.* at 84-85 (citing RUAA, § 6(c) and comments).

The question of whether plaintiff's gender discrimination and retaliation claims are barred by the contractual limitations period provided in the Arbitration Agreement is presumptively not a "gateway" issue which raises an "issue of arbitrability." *Howsam*, 537 U.S. at 84. Rather, the statute of limitations is a defense to arbitrability, which is a matter that presumptively should be decided by the arbitrator. Further, the Arbitration Agreement

specifically provides that all disputes related to the contractual limitations period are "Covered Disputes" which must be resolved by the Arbitrator. Thus, whether plaintiff's claims against Sun West are time-barred under the limitations period set forth in the Arbitration Agreement is a matter for the arbitrator to resolve. Plaintiff's claims should not be dismissed by the Court on the ground they are barred by the contractual limitations period which the parties agreed would govern their disputes under the Arbitration Agreement.

In the event the Court does not dismiss this action as time-barred, defendant moves the Court to stay this matter pending arbitration. Section 3 of the FAA provides that courts shall stay proceedings pending completion of arbitration. 9 U.S.C. § 3. However, "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (emphasis in original) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). Federal Courts of Appeal, including the Sixth Circuit, have authorized dismissal of an action where all claims are to be submitted to arbitration and where staying the action and retaining jurisdiction would serve no purpose. *Prude v. McBride Research Labs., Inc.*, No. 07-13472, 2008 WL 360636 (E.D. Mich. Feb. 8, 2008) (citing *Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, *4 (6th Cir. Oct. 19, 1999) (finding "litigation in which all claims are referred to arbitration may be dismissed")). The procedure generally followed by district courts in this Circuit is to dismiss the litigation without prejudice. *See id.* (dismissing action without prejudice where there existed a binding arbitration agreement); *Morrison*, 70 F. Supp.2d at 827 (same); *Saneii v. Robards*, 187 F. Supp.2d 710, 713 (W.D. Ky. 2001) (same); *Tanglewood Hospitality Venture, Inc. v. Ogle*, No. 3:05-cv-184, 2005 WL 2060769, at *2 (E.D. Tenn. Aug. 25, 2005) (same)). *But see McLean v. Byrider Sales of Indiana S, LLC*, No. 2:13-cv-524, 2013 WL

4777199, at *5 (S.D. Ohio Sept. 5, 2013) (dismissing case with prejudice after determining that all claims asserted were arbitrable).

In accordance with the weight of authority, the undersigned finds that dismissal of this matter without prejudice to allow for reinstatement in the event further proceedings are necessary following arbitration is the appropriate outcome. All claims in this action are arbitrable, and staying the action and retaining jurisdiction would serve no purpose. Accordingly, Sun West's motion for summary judgment should be granted and this case should be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED:**

1. Defendant's motion for summary judgment on plaintiff's claims or, in the alternative, motion to stay this proceeding (Doc. 11) be **GRANTED.**

2. This matter be **DISMISSED** without prejudice to allow plaintiff to pursue resolution of her claims against Sun West pursuant to the parties' arbitration agreement.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/28/14

Karen L. Litkovitz
United States Magistrate Judge

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LISA CHAMBERS,
    Plaintiff,

Case No. 1:13-cv-399

Spiegel, J.
Litkovitz, M.J.

vs.

SUN WEST MORTGAGE,
COMPANY, INC., et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lisa Chambers
854 Old US 52
New Richmond, OH 45157

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 5710

PS Form 3811, February 2004

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ✗ ☒ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Domestic Return Receipt

102595-02-M-1540